UNITED STATES of America,
Plaintiff-Appellee,

v.

Dave Wilson ENOCH, James C. Wheeler,
Kenneth Ray Allmond, Richard Howard
Love, Defendants-Appellants.

Nos. 82–5084, 82–5085, 82–5083
and 82–5095.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 5, 1982.

Decided Dec. 7, 1982.

Ross E. Alderman, Asst. Public Defender, Metropolitan Nashville, Nashville, Tenn. (Court-appointed), for Enoch.

Joe B. Brown, U.S. Atty., Nashville, Tenn., for U.S.

Joseph L. Lackey, Jr., Nashville, Tenn. (Court-appointed), for Allmond.

J.H. Reneau, III, Celina, Tenn., Ben Fann, Cookeville, Tenn., for Wheeler and Love.

Before EDWARDS, Chief Circuit Judge, JONES, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Four defendants appeal, 650 F.2d 115, their various convictions for interstate receipt, transportation and sale of stolen beer in violation of 18 U.S.C. §§ 371, 2314, 2315

and 2. The facts developed at trial showed that defendant Love was a loader for the Anheuser-Busch plant at St. Louis, Missouri, who on three different occasions loaded extra pallets of beer on a truck driven by defendant Lankford. Appellants Enoch and Allmond, one of whom ran a tavern and the other a beer package store, were prospective purchasers of the stolen beer.

The government's proofs included those of Lankford who pleaded guilty to conspiracy to transport stolen beer across state lines and who testified at the trial. His evidence involved all four of the appellants. In addition there is testimony from a deputy sheriff who caught Lankford in the act of unloading beer at Allmond and Enoch's places of business. At the time of the arrest of these parties, Allmond was found to have nearly $1,000 in cash in his pockets and Lankford had no bill of lading for the 582 cases of beer on his truck.

■ Turning to the appellate issues argued by the parties, we find no difficulty in holding that there was more than ample evidence to establish the fact that appellants were dealing in stolen beer. As to the second issue which was argued with considerable vigor before us, whether or not the government sufficiently proved a value of the stolen property in excess of the statutory $5,000 limit, we conclude that there was proof from which the jury could have found, as it did, that the government had proved the jurisdictional figure. Nor do we find reversible error in the court's charge as to the element of the value of the stolen goods.

This Court has found rather more difficulty with the fourth issue presented by appellants concerning their contention that the trial judge committed reversible error by excessive participation in the questioning of witnesses and the admonishing of appellants' counsel.

■ Certainly a trial judge has considerable discretion in seeking to make sure that a clear record is presented before the jury and in avoiding any unnecessary trial delays. Every effort should be made, however, to maintain both the fact and the appearance of judicial impartiality in the conduct of the trial. This Court has set forth these standards in *United States v. Carabbia*, 381 F.2d 133, 139 (1967). Reviewing this record against these standards, we do not find abuse of judicial discretion which would require reversal for new trial.

The judgments appealed from are affirmed.