James BROWN, Petitioner-Appellant,

v.

Ronald MARSHALL, Supt., Respondent-Appellee.

No. 82–3355.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1983.

Decided April 12, 1983.

Milton Berner, Bethel, Ohio, for petitioner-appellant.

Lianne L. Santellani, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before KRUPANSKY, Circuit Judge, PHILLIPS, Senior Circuit Judge, and HILLMAN,* District Judge.

PER CURIAM.

This is an appeal by petitioner James Brown from the denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, by Judge John Manos. The instant review presents the issues of improper prosecutorial comment and double jeopardy which were addressed by the district court, and an additional basis for relief, a purportedly erroneous jury instruction, which Brown here attempts to present for the first time in any forum. We affirm the district court on both matters considered below and, distinguishing the situation *sub judice* from that of a "mixed" petition proscribed by *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), we dismiss the claim of error in the jury instruction.

Brown was convicted in Mahoning County (Ohio) Common Pleas Court of aggravated murder, aggravated robbery, kidnapping, rape and theft, and was sentenced to a term of life in prison together with various concurrent sentences. The convictions were upheld by the Ohio Court of Appeals, Seventh District, and further review was denied by the Ohio Supreme Court. In his federal habeas petition, Brown alleged that he was prejudiced by a comment made by the prosecutor during closing argument and that his separate convictions for aggravated robbery, Ohio Rev.Code § 2911.01 (Page's 1982), and theft, Ohio Rev.Code § 2913.02 (Page's 1982), violated his right to be free of double jeopardy. In a comprehensive, well-reasoned, twenty-four page memorandum opinion, Judge Manos found the petitioner's contentions to be without merit and denied the writ.

On appeal, Brown reiterates the two grounds for relief originally passed upon by the Ohio courts, and, subsequent to the exhaustion of state remedies, by the federal district judge. However, the appellant's brief also seeks to raise an asserted error in the jury instruction propounded at trial. This ground for relief was not raised at trial, nor during the state post-conviction process, nor in the petition for habeas relief addressed by the district court. Accordingly, the present appeal does not involve a "mixed" petition containing both exhausted and unexhausted claims; rather, Brown is here, in essence, attempting to amend his petition on appeal.

■ The clear rule is that appellate courts do not consider issues not presented to the district court. *Bannert v. American Can Co.,* 525 F.2d 104, 111 (6th Cir.1975), *cert. denied,* 426 U.S. 942, 96 S.Ct. 2662, 49 L.Ed.2d 394 (1976). This rule applies with particular force when the new issue requires development of additional facts, because the court of appeals is not equipped to receive evidence or function as a factfinder. *See Commodity Futures Trading Comm'n. v. Co Petro Marketing Group, Inc.,* 680 F.2d 573 (9th Cir.1982). Further, these rules are made directly applicable to habeas proceedings by Rule 11 of the Rules Governing Section 2254 Actions, which rule mandates utilization of the Federal Rules of Civil Procedure in habeas cases except where expressly superceded.

■ Moreover, the attempted introduction of an additional issue at the instant appeal ignores the fact that this court does not have a mandate to directly review state trials, but merely reviews the decision of the federal district court on the habeas petition. Further, even the district court, bound by the codified principles of comity and federalism, could not permit the "amendment" now at bar and reach the merits of the jury charge without a factual showing by Brown of cause for his failure

* The Hon. Douglas W. Hillman, United States District Judge, Western District of Michigan, sitting by designation.

to bring the matter before the Ohio courts and actual prejudice from a failure to address the error in the federal habeas proceeding. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Wherefore, while the attempted introduction of wholly new bases for relief on appeal in a habeas proceeding does not produce a "mixed" petition and thereby require dismissal of the entire petition, such an "amendment" does not comport with those rules respecting the necessary division of functions between district and appellate courts, nor with the principles underlying the writ of habeas corpus, and such an additional issue is properly dismissed.

This Court hereby affirms the denial of the writ on the two grounds presented below for the reasons set forth by Judge Manos and dismisses the remaining contention raised on appeal.