772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES DALE MOBLEY, PETITIONER-APPELLANT,
v.
AL C. PARKE, WARDEN, KENTUCKY STATE PENITENTIARY, AND
ATTORNEY GENERAL OF KENTUCKY, RESPONDENTS-APPELLEES.
 NO. 85-5181
 United States Court of Appeals, Sixth Circuit.
 8/1/85
 
 W.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: KENNEDY, JONES and MILBURN, Circuit Judges.
 
 
 1
 Mobley moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Mobley's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At issue is Mobley's conviction by a Jefferson County, Kentucky jury of being a persistent felony offender. He received a life sentence. A prior order of this Court remanded the case to the district court for consideration of the merits. The district court held that there were two valid prior felony convictions justifying Mobley's conviction for being a persistent felony offender.
 
 
 3
 Koykin v. Alabama, 395 U.S. 238, 242 (1969), requires that guilty pleas be intelligent and voluntary. At the persistent felony offender trial, Mobley's counsel admitted that Mobley's 1973 conviction was valid under Boykin. The district court received a certified record concerning a 1977 felony conviction which showed that the guilty plea to that charge was also voluntary and intelligent. Therefore, the district court was correct to conclude that Mobley's persistent felony offender conviction was valid.
 
 
 4
 In his informal brief, Mobley makes an argument for the first time that the admission of his prior felony convictions was invalid under the old persistent felony offender statute in force at the time of his trial. This issue is barred because it was not raised in the district court and cannot be considered on appeal. Brown v. Marshall, Supt., 704 F.2d 333, 334 (6th Cir.), cert. denied, ---- U.S. ----, 104 S.Ct. 120 (1983). In any event, we have examined the former persistent felony offender statute, and we conclude that the use of the prior felony convictions was valid under this statute.
 
 
 5
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.