793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT GERHART, Petitioner-Appellant,
v.
ARTHUR TATE, JR., SUPT., Respondent-Appellee.
 85-3287
 United States Court of Appeals, Sixth Circuit.
 5/9/86
 AFFIRMED
 S.D.Ohio
 ORDER
 
 1
 BEFORE: KENNEDY and MILBURN, Circuit Judges; JOINER, Senior District Judge*.
 
 
 2
 This matter is before the Court upon consideration of petitioner's appeal from the district court's judgment dismissing his section 2254 habeas corpus petition. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the parties' briefs, the certified record and transcript, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner was convicted by a jury in the State of Ohio and is incarcerated for rape and gross sexual imposition of a nine year-old victim. Petitioner exhausted his direct appeal remedies and pursued post-conviction relief as far as the Ohio Court of Appeals. Thereafter, he filed a 28 U.S.C. Sec. 2254 habeas corpus petition in the district court alleging illegal confinement. He contends that the trial judge refused to rule on his post-conviction petition, was biased and prejudiced during the trial, refused to recuse himself from the trial, that defense counsel was ineffective and that he was convicted of a crime for which he was not charged. The district court determined petitioner's contentions to be without merit. Hence, upon respondent's motion, the petition was dismissed. On appeal to this Court, petitioner alleges that venue was improper, and the Ohio Statutes under which he was convicted, Ohio Revised Code Secs. 2907.02(A)(3) and 2907.05(A)(3), are unconstitutionally vague. He further contends that his trial was unfair and that his conviction is constitutionally infirm due to ineffective assistance of counsel, prosecutorial misconduct, and trial judge prejudice.
 
 
 4
 Upon consideration, this Court finds that the district court's judgment must be affirmed. Initially, petitioner's contentions of improper venue and alleged unconstitutional Ohio statutes must be dismissed because they were not raised in the district court, nor considered in any prior proceedings. Issues not raised in the district court cannot be considered on appeal. Brown v. Marshall, 704 F.2d 333 (6th Cir.), cert. denied, 464 U.S. 835 (1983).
 
 
 5
 Petitioner's third contention, ineffective assistance of counsel, is specious. Counsel's representation of petitioner was reasonable in light of the totality of evidence presented at trial. Strickland v. Washington, 466 U.S. 668 (1984); Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984). The fact that defense counsel may not have chosen strategies which petitioner viewed as most promising is not enough to render his representation of petitioner ineffective so long as the defense strategies were not unreasonable under prevailing professional norms. See Lockett v. Arn, 728 F.2d 266 (6th Cir. 1984); Poole v. Perini, 659 F.2d 730 (6th Cir. 1981), cert. denied, 455 U.S. 910 (1982).
 
 
 6
 Finally, petitioner's allegations that prosecutorial misconduct and trial judge prejudice resulted in a fundamentally unfair trial are erroneous. Before habeas relief is granted on grounds of prosecutorial misconduct, 'the prosecutor's statements must be so egregious as to render the trial fundamentally unfair.' See Angel v. Overberg, 682 F.2d 605, 607 (6th Cir. 1982). This determination is made by looking at the totality of circumstances surrounding the case. Angel, supra; Hayton v. Egeler, 555 F.2d 599 (6th Cir.), cert. denied, 434 U.S. 973 (1977). Specifically, consideration is given to the strength of the competent proof to establish the guilt of the accused, the degree to which the remarks complained of have a tendency to mislead the jury or prejudice the accused, whether they are isolated or extensive and whether they were deliberately or accidently placed before the jury. Angel, supra; see Cook v. Bordenkircher, 602 F.2d 117 (6th Cir.), cert. denied, 444 U.S. 936 (1979). Whether the trial judge's conduct rises to the level of reversible error is determined by the same standard as that of the prosecutor's, whether the trial judge's conduct rendered the trial fundamentally unfair. See Daye v. New York Attorney General, 712 F.2d 1566 (2d Cir. 1983), cert. denied, 464 U.S. 1048 (1984); United States v. Enoch, 694 F.2d 465 (6th Cir. 1982), cert. denied, 461 U.S. 932 (1983); Davis v. Craven, 485 F.2d 1138 (9th Cir. 1973) (en banc), cert. denied, 417 U.S. 933 (1974). A review of the trial transcript reveals that petitioner's trial was fundamentally fair. Moreover, there is overwhelming evidence in the trial transcript of petitioner's guilt.
 
 
 7
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation