803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HENRY MOORE, JR., Plaintiff-Appellant
v.
UNION MUTUAL LIFE INSURANCE CO., Defendant-Appellee.
 No. 85-1266.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 1
 BEFORE: LIVELY and MERRITT, Circuit Judges; CONTIE, Senior Circuit Judge
 
 ORDER
 
 2
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's order dismissing his complaint for damages. The matter has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the parties' briefs, and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff purchased a disability insurance policy from defendant in 1967, and became disabled and eligible for benefits under the policy in 1970. Per the terms of the policy, defendant reduced the amount of plaintiff's benefits under the policy by the estimated amount of social security benefits received by plaintiff. As a result, in 1979, plaintiff filed an action for damages. The district court granted defendant's motion for summary judgment. This Court affirmed in Moore v. Union Mut. Life Ins. Co., 698 F.2d 1221 (6th Cir. 1982). In 1984, plaintiff filed the present cause of action for damages alleging that the prior decision is based on fraud by defendant and that defendant has since failed to pay the amount due under the policy after social security deductions. The district court dismissed the action on the ground of res judicata, holding that the present action involved the same insurance policy, the same parties and is similar if not identical to the previous action. Plaintiff appealed. Defendants have responded.
 
 
 4
 Upon consideration, this Court finds that the district court's decision must be affirmed. Contrary to plaintiff's argument, the present action consists of the same parties and the same issues decided in his previous action, including the issue of fraud. Plaintiff's allegation that defendant is in arrears on the payment of benefits since the entry of the previous judgment was not considered by the lower court, and hence, cannot be considered by this Court on appeal. Brown v. Marshall, 704 F.2d 333 (6th Cir.), cert. denied, 464 U.S. 385 (1983). A final judgment on the merits was rendered in the previous action. Hence, plaintiff is barred from relitigating issues that were or could have been raised in the prior action. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981).
 
 
 5
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.