829 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Agnes L. FOY, Plaintiff-Appellant,
v.
Robert D. JENNINGS, City of Madiera, City of Cincinnati,
Sheriff, Sheriff Dept., Judge Sandra Beckwith, William Toth,
Philip Hudson, Dennis Hopewell, Sylvester Murray, Michael A.
Bierman, Lawrence Whalen, John Doe, Defendants-Appellees.
 No. 87-3200
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 ORDER
 Before CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This matter is before the court upon consideration of plaintiff's appeal from the district court's judgment sua sponte dismissing her civil rights action filed under 42 U.S.C. Sec. 1983 for frivolity pursuant to 28 U.S.C. Sec. 1915(d). The matter has been submitted to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the parties' briefs, the panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff alleged in the district court that defendants violated her rights when they falsely arrested and imprisoned her for failure to pay a traffic fine which, in fact, was paid. She claimed that the arrest occurred due to defendants' negligent administration. The district court dismissed the matter for frivolity upon a finding that plaintiff failed to allege facts sufficient to sustain a cause of action under 42 U.S.C. Sec. 1983.
 
 
 3
 Upon consideration, this Court concludes that the district court's judgment must be affirmed. Plaintiff alleges false arrest, a substantive rather than procedural due process abridgement in violation of her federal constitutional guarantee under the fourth amendment, applicable to the states through the fourteenth amendment to the United States Constitution. With respect to the municipal defendants, plaintiff failed to allege that the municipalities promulgated a policy, custom or rule that deprived her of some constitutional right. She did not allege that the municipalities had a procedure for producing clerical errors resulting in arrest and detention of citizens. Without such allegation, her complaint against the municipalities must be dismissed. Monell v. New York City, Department of Social Services, 436 U.S. 658 (1978). Plaintiff's complaint against the Honorable Sandra Beckwith is also deficient because Judge Beckwith was at all times acting in her judicial capacity and is immune from liability. Stump v. Sparkman, 435 U.S. 349 (1978); Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1871).
 
 
 4
 Finally, plaintiff's complaint against the remaining defendants must be dismissed because it is premised on their negligence. She failed to allege that these defendants intentionally and deliberately deprived her of some constitutional right. Davidson v. Cannon, 474 U.S. 344 (1986). We will not consider plaintiff's allegation that defendants were grossly negligent inasmuch as this allegation was not raised before the district court. Brown v. Marshall, 704 F.2d 333 (6th Cir.) (per curiam), cert. denied, 464 U.S. 835 (1983).
 
 
 5
 It is therefore ORDERED that the district court's judgment dismissing the action as frivolous be and hereby is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.