860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HOLT MOTORS, INC.; Paul L. Holt; and Louise M. Holt,
Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 87-3953.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Paul L. Holt appeals judgment in favor of General Motors Corporation on Holt's amended complaint alleging that GM refused without good cause and in violation of Ohio Rev.Code Sec. 4517.56 to approve the transfer of Holt's Buick/GMC dealership to James L. Sheldon. We affirm.
 
 
 2
 Paul L. Holt, a franchisee of GM, entered into an agreement with Sheldon, a prospective transferee, for the sale and transfer of Holt's Buick/GMC dealership to Sheldon. Sheldon, along with Ronald G. Logan and Harry O'Rourke, who were Sheldon's financial investors in the proposed buyout of Holt's Buick/GMC dealership, submitted an application for a dealer agreement to GM. The application indicated that the entity for which a dealer agreement was sought would be a corporation in which Sheldon, Logan and O'Rourke would each be a one-third shareholder.
 
 
 3
 Upon receipt of the application, GM sent a letter to Sheldon requesting verification of the funds all investors proposed to invest. Sheldon provided only verification of the one-third investment he intended to make. No verification of funds was provided for the other two one-third shareholders. The proposed sale to Sheldon fell through prior to its being approved or disapproved by General Motors. Sheldon's investors reconsidered their investment after learning of GM's decision to restrict Sheldon's ability to sell the dealership at anytime in the future.
 
 
 4
 The district court sustained GM's motion for summary judgment. There was no genuine issue of material fact that complete financial information pertaining to the verification of the funds to be invested by the transferees was not provided to General Motors.
 
 
 5
 After the district court granted summary judgment against Holt on his Sec. 4517.56 claim, Holt filed a motion to amend his complaint on the ground that newly discovered evidence revealed that GM failed to act in good faith in violation of Ohio Rev.Code Sec. 4517.59(A). The district court held in abeyance Holt's motion to amend the complaint pending the filing of an affidavit setting forth the factual basis for the proposed amended complaint, including an explanation of how GM's alleged bad faith proximately caused any damage to Holt. Holt did not file an affidavit and did not pursue his motion to amend the complaint.
 
 
 6
 Holt argues that the Sec. 4517.56(A) should be interpreted to mean that GM only has the right to investigate Sheldon and not Logan or O'Rourke, the partners of the corporation for which the dealership was sought. Holt contends that since the statute does not explicitly state that a franchisor can investigate or obtain information from a prospective transferee's financial backers, GM has no right to request verification information concerning such backers. Therefore, the information Sheldon gave GM concerning only his one-third interest was sufficient to satisfy the requirements of the statute. We disagree.
 
 
 7
 As the district court stated, Ohio Rev.Code Sec. 4517.56 imposes an obligation upon the franchisee and the prospective transferee to provide certain written information to the franchisor in order to permit the franchisor to evaluate the proposed transfer. If the franchisee and prospective transferee comply with the notification responsibility, the franchisor is then required to evaluate the prospective transferee on the basis of reasonable and objective criteria, and cannot refuse to approve the transfer without good cause.
 
 
 8
 The purpose of Sec. 4517.56 is to enable the franchisor to reasonably and objectively evaluate a proposed transfer of the franchise. This evaluation is rendered impossible if the franchisor is unable to verify whether there are available funds to complete the transfer.
 
 
 9
 The district court correctly concluded that General Motors' request for verification of funds was reasonable, and that no genuine issue of material fact existed regarding Logan's and O'Rourke's failure to comply with the request.
 
 
 10
 Holt also argues that the issuance by GM of a "stay-with-you-discontinue" status to Sheldon violated Ohio Rev.Code Sec. 4517.56(B) and (C). The letter permitted GM to circumvent the requirements of the statute. Holt claims that GM sent the "stay-with-you-discontinue" letter intending to force Logan and O'Rourke to back out of the deal. The letter permitted GM, in effect, to refuse the transfer without having to show good cause as required under Sec. 4517.56(B) and (C) or evaluate the prospective transferee on the basis of reasonable and objective criteria as required under 4517.56(A).
 
 
 11
 The issue of whether the "stay-with-you-discontinue" letter of GM violates Sec. 4517.56 is a new issue. It was not properly raised in the court below, Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987), and requires the development of additional facts, Brown v. Marshall, 704 F.2d 333, 334 (6th Cir.1983). Holt had more than ample opportunity to raise this issue in the district court but chose not to do so. Holt is now precluded from raising the issue on appeal.
 
 
 12
 We affirm the judgment of the district court.