933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Henry REED, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 90-6501.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Reed, a pro se Kentucky prisoner, appeals the district court's order denying his motion for order of release. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Reed previously appealed the district court's denial of his petition for a writ of habeas corpus in which he challenged his Kentucky convictions of rape, sodomy and armed robbery. This court granted Reed the writ of habeas corpus on the armed robbery conviction which made him a first degree persistent felony offender and which increased the time he was to serve on the rape and sodomy charges. In an unpublished per curiam opinion, this court remanded the action to the district court for consideration of an appropriate remedy in accordance with the court's opinion. (Case Nos. 89-5529/5562/5616).
 
 
 3
 On August 1, 1990, the district court ordered that Reed be released from custody (as to his sentence on his armed robbery conviction and as a first degree persistent felony offender), unless the Commonwealth of Kentucky elected to retry him as a second degree persistent felony offender within ninety days. By October 19, 1990, Kentucky elected to resentence rather than retry Reed.
 
 
 4
 Because Reed was not resentenced within ninety days of the August 1, 1990 district court order, Reed filed a motion for order of release. The district court denied Reed's motion, finding the state had made a timely election to resentence rather than retry him. Reed filed a timely notice of appeal.
 
 
 5
 Upon review, this court concludes that the district court properly denied Reed's motion for order of release. The district court determined the appropriate remedy in this case and it is in the unique posture to determine whether the Commonwealth of Kentucky complied with its own order.
 
 
 6
 Furthermore, Reed has abandoned the issue he raised in his motion to the district court and has raised new issues on appeal. Generally, this court will not address an issue not raised for the first time in the district court; such rule applies with particular force when new issues require development of additional facts. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990); Brown v. Marshall, 704 F.2d 333, 334 (6th Cir.), cert. denied, 464 U.S. 835 (1983). Absent any exceptional circumstances, we decline to address Reed's issues presented for the first time on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, the requests to proceed in forma pauperis and for counsel are denied. The district court's order denying petitioner's motion for order of release is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.