936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOBETE MUSIC CO., INC., Plaintiff-Appellee,
v.
Edward J. HOLLAND, Jr., Defendant-Appellant,
United States of America, Defendant.
 No. 90-1664.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1991.
 
 Before RALPH B. GUY, JR., and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a district court order denying a Fed.R.Civ.P. 60(b) motion for relief from an order denying a motion for sanctions. The ruling on the 60(b) motion itself is the only ruling before us. We are satisfied that the district court did not err in denying the 60(b) motion, and we shall affirm the order of denial.
 
 
 2
 * In March of 1965 plaintiff Jobete Music Company, Inc., entered into a contract with defendant Edward Holland. The contract provided, among other things, for assignment of the copyright on all musical works written or composed by Mr. Holland to Jobete in exchange for royalties and other consideration. The contract specified that accrued royalties were to be paid in March and September of each year.
 
 
 3
 In November of 1986 the Internal Revenue Service served a notice of levy on Jobete. The notice stated that Mr. Holland owed unpaid income taxes in the amount of $637,901.44. As a result of this notice, Jobete withheld payment of the royalties due in September of 1987; the royalties ($165,429.27 in amount) were deposited in a special bank account.
 
 
 4
 When Mr. Holland demanded payment notwithstanding the levy, Jobete filed an interpleader suit in federal district court. While this suit was pending two things happened. First, Jobete withheld an additional $186,579.25, that being the amount of royalties that would otherwise have been paid to Mr. Holland in March of 1988. Second, the IRS served another notice of levy, stating this time that Mr. Holland owed $1,413,126.24.
 
 
 5
 On motion by Mr. Holland the district court dismissed the interpleader action. Observing that "[i]nterpleader requires adverse claimants," the court concluded that Mr. Holland and the IRS were not adverse.
 
 
 6
 Mr. Holland then commenced an action in the circuit court of Wayne County, Michigan, alleging that Jobete and its agents were guilty of breach of contract, conversion, and fraud. Jobete filed a counterclaim for a judgment declaring that if the funds at issue were paid to the IRS, Mr. Holland could not prevail on his claims with respect to those funds.
 
 
 7
 Uncertain as to its jurisdiction over the IRS, the state court apparently directed Jobete either to join the IRS as a party or to file a declaratory judgment action in federal court.
 
 
 8
 Jobete thereafter filed the present action against Mr. Holland and the United States, seeking a declaration that it could pay the accrued royalties to the IRS without any further liability to Mr. Holland. Jobete also sought an order that would have quieted title to the royalties "by stating that the IRS is properly entitled to such funds."
 
 
 9
 Mr. Holland and the Government both moved to dismiss the case for lack of subject matter jurisdiction. At a hearing on the motions the district court expressed its view that "[t]his Court doesn't have any jurisdiction." Before the court entered an order of dismissal, however, Jobete paid the withheld royalties to the IRS. The district court then issued an order to show cause why the case should not be dismissed as moot. Mr. Holland filed a response arguing (1) that because the district court lacked subject matter jurisdiction it could not proceed to analyze the question of mootness, and (2) that the action was not moot because the controversy was "capable of repetition yet evading review." After a hearing the district court issued a one-line order saying "[t]his case is dismissed." A month later the district court entered the following judgment: "It is ordered and adjudged that this case is DISMISSED."
 
 
 10
 Mr. Holland moved for the imposition of sanctions against Jobete and its attorneys, but the motion was denied. Mr. Holland then served a motion for relief from the order denying sanctions. This motion, purportedly brought pursuant to Fed.R.Civ.P. 59(e) and 60(b), was also denied. This appeal followed.
 
 
 11
 Jobete has now moved this court to dismiss the case for lack of appellate jurisdiction and has requested sanctions against Mr. Holland.
 
 II
 
 12
 Mr. Holland presents three arguments on appeal: (1) that the district court lacked subject matter jurisdiction, and it therefore erred in dismissing the case as moot; (2) that the district court erred in denying the motion for sanctions against Jobete; and (3) that the district court erred in denying the subsequent motion for relief from the denial. Because Mr. Holland's timing was somewhat off, only the third issue is properly before this court.
 
 
 13
 The following chart gives the key dates:
Docket
No. Description Date
22
24 Judgment dismissing case Entered 3/19/90
27 Order denying motion for sanctions Entered 4/5/90
28 Motion for relief under Rules 59 and 60 Served 5/3/90
29 Order denying motion for relief Entered 5/11/90
30 Notice of appeal Filed 6/6/90.
 
 
 14
 Fed.R.App.P. 4(a) provides, in pertinent part, as follows:
 
 
 15
 "(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry....
 
 
 16
 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iii) under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion."
 
 
 17
 We have no jurisdiction to review either the judgment of dismissal or the order denying sanctions in the case at bar; Mr. Holland's notice of appeal was not filed within the time limit prescribed by Fed.R.App.P. 4(a)(1) (60 days where the United States is a party), and the motion for relief served on May 3, 1990, did not toll the time for appeal. A motion brought pursuant to Fed.R.Civ.P. 60(b) is not a time-tolling motion, Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1104 (6th Cir.1985), and a motion under Fed.R.Civ.P. 59(e) will only toll the time for appeal if it is served " 'not later than 10 days after entry of the judgment.' " Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1019 (6th Cir.1983) (quoting Rule 59(e)). Mr. Holland's motion for relief was not served within the 10-day period, and it therefore had no tolling effect.
 
 
 18
 We do have jurisdiction to review the order denying the motion for relief, because Mr. Holland's notice of appeal was timely with respect to that order. However, because the motion was not "served not later than 10 days after entry of the judgment," as required by Rule 59(e), it can only be evaluated as a motion for relief under Rule 60. And because of the timing of the notice of appeal, we may consider only the question whether the district court erred in denying this particular motion; the appeal " 'does not bring up the underlying judgment for [plenary] review' " as if the notice of appeal had been timely filed with respect to the order denying sanctions. Peake, 717 F.2d at 1020 (citation omitted).
 
 Rule 60(b) provides, in part, as follows:
 
 19
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment."
 
 
 20
 It is well settled that the denial of a motion brought under this rule will be disturbed only upon a clear showing of abuse of discretion. Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 132-133 (6th Cir.1990). No such abuse occurred here.
 
 
 21
 The "clear rule" is that appellate courts do not consider issues and arguments not presented below. Brown v. Marshall, 704 F.2d 333, 334 (6th Cir.), cert. denied, 464 U.S. 835 (1983). Nowhere in the motion for relief and the accompanying brief that Mr. Holland submitted to the district court is it asserted, as required by Rule 60(b)(1), that the motion for sanctions was denied because of any mistake committed by the parties or counsel, or because of any error of law committed by the district court.[1] The pleadings do assert the existence of factual errors in the order denying sanctions, but no argument is made that the district court "applied an incorrect legal standard" or committed a similar "strictly legal error." See Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). Mr. Holland has also failed to show that the order denying sanctions is tainted by fraud, as required by Rule 60(b)(3), or that it is "void" within the meaning of Rule 60(b)(4). Relief under Rule 60(b)(6), finally, is to be granted only in " 'extraordinary circumstances,' " Davis, 912 F.2d at 136 (citation omitted), and there are no extraordinary circumstances here.
 
 III
 
 22
 We now turn to Jobete's request for sanctions. It is clear that a court of appeals may impose sanctions against those who file frivolous or vexatious appeals. 28 U.S.C. Sec. 1912;[2] Fed.R.App.P. 38;[3] Webster v. Sowders, 846 F.2d 1032, 1040 (6th Cir.1988). We have previously indicated, however, that an appeal should only be considered frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." Dallo v. Immigration and Naturalization Service, 765 F.2d 581, 589 (6th Cir.1985). Because we see no delay or improper purpose here, we decline to exercise our discretionary power to impose sanctions.
 
 
 23
 The order denying the motion for relief is AFFIRMED. Jobete's motion to dismiss for want of appellate jurisdiction and its request for sanctions are DENIED.
 
 
 
 [1]
 This court has held that Rule 60(b)(1) may be used to challenge errors of law committed by the district court, as long as the motion for relief is brought "within the normal time for taking an appeal." Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). See also Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir.1983)
 
 
 [2]
 28 U.S.C. Sec. 1912 provides: "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."
 
 
 [3]
 Rule 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."