**DISTRICT 2, MARINE ENGINEERS BENEFICIAL ASSOCIATION, Plaintiff–Appellant,**

**v.**

**James H. BURNLEY, IV, et al., Defendants–Appellees.**

**No. 90–1933.**

United States Court of Appeals, Sixth Circuit.

Argued May 14, 1991.

Decided June 25, 1991.

Joan Torzewski, Lackey, Nusbaum, Harris, Reny & Torzewski, Fritz Byers (argued), Toledo, Ohio, Dean A. Robb, Sr., Messing, Robb, Traverse City, Mich., for plaintiff-appellant.

Robert Haviland, Asst. U.S. Atty., Flint, Mich., James K. Augustine, Washington, D.C., Robert Bruce (argued), Miami, Fla., for Paul A. Yost, Jr., Lafarge Coppee, S.A. and John Gaughan.

Philip M. Frost, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., Gerald A. Novack (argued), Lord, Day, Lord, Barrett, Smith, New York City, for Lafarge Corp.

William A. Moore, Hill, Lewis, Adams, Goodrich & Tait, Detroit, Mich., David G. Davies, Gene B. George, Ray, Robinson, Hanninen & Carle, Cleveland, Ohio, for Inland Lakes Transp., Inc., Inland Lakes Management Inc.

Wallace H. Glendening, Jaffe, Snider, Raitt & Heuer, Detroit, Mich., for First Union Commercial Corp.

Before GUY and NELSON, Circuit Judges, and HIGGINS, District Judge.*

DAVID A. NELSON, Circuit Judge.

This is an appeal from a district court judgment dismissing a complaint in which a maritime union challenged the legality of the Government's failure to stop the operation in the "coastwise trade" of six privately owned bulk carriers that had allegedly been "sold foreign" within the meaning of a Jones Act proviso codified at 46 U.S.C. § 883. In addition to seeking judicial review pursuant to the Administrative Procedure Act, the complaint prayed for injunctive and declaratory relief against the owners and operators of the six vessels.

The claims against the private defendants were dismissed on a ground not challenged on appeal. As to the claim against the Government, the district court held that the plaintiff union had no standing to seek judicial review because it asserted neither an "injury in fact" nor an interest within the "zone of interests" protected by the Jones Act proviso. We shall affirm the judgment for the latter reason.

I

The plaintiff—District 2, Marine Engineers Beneficial Association, Associated Maritime Officers, AFL–CIO—is a labor union that represents personnel aboard U.S.-flagged vessels. The union filed the present action in February of 1989. Named as defendants were: Lafarge Coppee, S.A., a foreign corporation with its headquarters in Paris; Lafarge Corporation, the American subsidiary through which Lafarge Coppee does business in the United States; Inland Lakes Transportation, Inc.; Inland Lakes Management, Inc.; Chrysler Capital Corporation; James H. Burnley IV, Secretary of Transportation; Admiral Paul A. Yost, Jr., Commandant of the United States Coast Guard; and John Gaughan, Chief Administrator of the Department of Transportation's Maritime Administration.

The six vessels in question were owned by Chrysler,[1] which leased them to Inland Lakes Transportation and Inland Lakes Management, which in turn furnished them to Lafarge for operation on the Great Lakes. The union's complaint alleged that the vessels had been "sold foreign" within the meaning of the first proviso of the section of the Jones Act codified at 46 U.S.C. § 883, thereby making them ineligible to engage in what the statute calls "the coastwise trade." The complaint requested judicial review of the federal defendants' failure to stop the allegedly illegal conduct; an injunction requiring the federal defendants to discharge their legal duties; a declaration that the vessels were ineligible to operate in the coastwise trade; and an injunction prohibiting the private defendants from operating the vessels in that trade.

The matter was referred to a magistrate, and all of the defendants subsequently moved to dismiss the complaint for lack of standing. The magistrate recommended that the court grant the private defendants' motions because the Jones Act proviso does not create a private right of action. As to the federal defendants, the magistrate recommended against dismissal; the union, he concluded, had made an adequate showing of standing to seek judicial review.

All sides filed objections to the magistrate's report. The district court sustained the objections of the government defendants and dismissed the case in its entirety. The union has perfected a timely appeal on the issue of its standing to seek judicial review of the Government's failure to act.

II

Article III of the United States Constitution, which limits the federal judicial power to "Cases" and "Controversies," requires a plaintiff to show (1) " 'that he personally has suffered some actual or threatened in-

* The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation.

1. On September 26, 1990, Chrysler sold the vessels to First Union Commercial Corporation. This court subsequently granted a motion to substitute First Union for Chrysler.

jury as a result of the putatively illegal conduct of the defendant' "; (2) that "the injury 'fairly can be traced to the challenged action' "; and (3) that the injury " 'is likely to be redressed by a favorable decision.' " *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (citations omitted).

■ Beyond these constitutional requirements, a plaintiff seeking judicial review under § 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702,[2] must demonstrate that " 'the injury he complains of (his aggrievement, or the adverse effect upon him) falls within the "zone of interests" sought to be protected by the statutory provision whose violation forms the legal basis for his complaint.' " *Air Courier Conference of America v. American Postal Workers Union, AFL–CIO,* —— U.S. ——, 111 S.Ct. 913, 918, 112 L.Ed.2d 1125 (1991) (quoting *Lujan v. National Wildlife Federation,* —— U.S. ——, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990)). The Supreme Court has said, by way of illustration, that:

> "the failure of an agency to comply with a statutory provision requiring 'on the record' hearings would assuredly have an adverse effect upon the company that has the contract to record and transcribe the agency's proceedings; but since the provision was obviously enacted to protect the interests of the parties to the proceedings and not those of the reporters, that company would not ... [fall within the 'zone of interests'] of the statute." *National Wildlife Federation,* 110 S.Ct. at 3186.

■ In the case at bar the union (identified as "MEBA") described its injury as follows: "MEBA's members have lost jobs that they would have if Lafarge were required [to] ship its cargo using vessels that are properly eligible to engage in the coastwise trade ... [because] virtually every [other] vessel that hauls bulk cargo on the Great Lakes is crewed exclusively by members of MEBA in the positions of officers, engineers and stewards." It seems clear to us that the injury does not fall within the zone of interests protected by the relevant portion of the Jones Act; accordingly, we need not decide whether the injury meets the three constitutional requirements listed in *Air Courier Conference.*

The first proviso of the Jones Act section codified at 46 U.S.C. § 883 reads as follows:

> "That no vessel having at any time acquired the lawful right to engage in the coastwise trade, either by virtue of having been built in, or documented under the laws of the United States, and later sold foreign in whole or in part, or placed under foreign registry, shall hereafter acquire the right to engage in the coastwise trade."

This proviso was designed to protect American ships, American shipbuilders, and American seamen from foreign competition. See S.Rep. No. 870, 74th Cong., 1st Sess. 3–4 (1935); *American Maritime Ass'n v. Blumenthal,* 590 F.2d 1156, 1159 n. 12 (D.C.Cir.1978), *cert. denied,* 441 U.S. 943, 99 S.Ct. 2161, 60 L.Ed.2d 1045 (1979).

The injury complained of in the case at bar does not result from foreign competition; all of the officers and crew of the six vessels are American nationals. The injury stems, rather, from the fact that the private defendants have not entered into a union shop contract with the plaintiff. "Ninety-eight and one-half percent of the existing bulk freight vessels on the Great Lakes ... are under contract to MEBA," the plaintiff's pleadings inform us, but not "the vessels involved in this litigation."

The hiring of Americans who are not represented by the plaintiff union presents no extraterritorial threat to this country's merchant marine, and thus does not bring the union's injury within the zone of interests protected by the "sold foreign" provi-

---

2. This section provides, in pertinent part, as follows: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

so of the Jones Act.[3] Like the transcription service described in the Supreme Court's example, the union may have suffered an injury sufficient to grant standing under the Constitution (a question we do not decide), but it has not suffered the kind of injury that would entitle it to sue under the Administrative Procedure Act. That act, as we have seen, authorizes judicial review only where the zone of interests test can be passed—and the union's injury fails the test.

AFFIRMED.

---

**3.** At oral argument, the union suggested that it was trying to benefit American mariners as a whole—union and non-union alike—because a declaration that the private defendants' vessels are ineligible to participate in the coastwise trade would lead to an overall increase in the number of Americans employed. We decline to consider this theory, because the record does not indicate that it was ever presented to the

district court. See *Brown v. Marshall,* 704 F.2d 333, 334 (6th Cir.), *cert. denied,* 464 U.S. 835, 104 S.Ct. 120, 78 L.Ed.2d 119 (1983) (the "clear rule" is that appellate courts do not consider issues not presented below).