940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elizabeth DOLE, Plaintiff-Appellee,
v.
ZETA ENTERPRISES, INC., and Gary Long, Defendants-Appellants.
 No. 90-5850.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 Before DAVID A. NELSON, Circuit Judge, and KRUPANSKY and CELEBREZZE, Senior Circuit Judges.*
 PER CURIAM.
 
 
 1
 This is an appeal from a grant of summary judgment in favor of the Secretary of Labor in a federal action brought by the Secretary pursuant to the Fair Labor Standards Act, 29 U.S.C. Secs. 201 et seq. The principal issue on appeal is whether the district court improperly granted summary judgment on the basis of affidavits that contained inadmissible hearsay. Finding that the defendants have failed to preserve this issue for appeal and that the defendants' other arguments are unpersuasive, we shall affirm the judgment of the district court.
 
 
 2
 * Defendant Zeta Enterprises, Inc. operates a Rodeway Inn in Knoxville, Tennessee. The Inn consists of a motel, restaurant, and lounge. In September of 1988 the Secretary of Labor filed a complaint against Zeta and its president, Gary Long, alleging that the defendants had (1) failed to pay employees the applicable minimum wage in violation of 29 U.S.C. Secs. 206 and 215(a)(2); (2)failed to pay employees time and a half for overtime in violation of 29 U.S.C. Secs. 207 and 215(a)(2); and (3) failed to maintain employment records as required by 29 U.S.C. Secs. 211(c) and 215(a)(5). The Secretary sought injunctive relief against further violations of these statutes, an award of back pay to compensate employees in accordance with the Act, and "liquidated damages" in a like amount for the defendants' willful violations of the Act.
 
 
 3
 The trial began on December 7, 1989. The court received testimony from the Secretary's first witness, and 12 of the Secretary's exhibits were admitted. The exhibits were summaries of the violations with which the defendants were charged and calculations of the back pay to which the employees were entitled. The district court made it clear that the summaries were not evidence and that the Secretary would have to prove what was asserted in them. Counsel for the Secretary indicated his agreement.
 
 
 4
 Before any additional witnesses were called to testify, the district court suspended the trial and requested that the defendants submit proposed findings of fact and conclusions of law. The defendants did so, albeit belatedly. The Secretary subsequently moved for summary judgment, submitting three affidavits and several additional exhibits in support of the motion. The defendants did not respond, nor did they seek an extension of time for responding.
 
 
 5
 The district court granted the Secretary's motion and ordered the defendants to pay $15,026.42 in back wages and a like amount in "liquidated damages" pursuant to a finding that the violation of the Act had been willful. The defendants filed a motion under Rule 60(b), Fed.R.Civ.P., asking the court to vacate or reconsider the judgment. The motion indicated that the illness of a secretary had prevented the defendants' attorney from filing a timely response to the summary judgment motion. The district court denied the Rule 60(b) motion, and this appeal followed.
 
 II
 
 6
 The defendants argue that summary judgment was improper as to five employees. In determining the back pay owed employees Horace Carter and George Gyemant, the defendants contend, the district court relied on affidavits containing inadmissible hearsay. The defendants also contend that the court relied on the same hearsay to determine the back pay owed and the nature of the violations committed with respect to employees Stephanie King, Peggy Mendenhall, and A.J. Padgett.
 
 
 7
 It is true that the affidavits in question were, at least in part, based on hearsay. The district court's consideration of this evidence does not constitute reversible error, however, because the defendants failed to object on hearsay grounds. They did not notify the district court of their objections after the Secretary moved for summary judgment, nor did they do so when they filed their Rule 60(b) motion.
 
 
 8
 This court does not normally entertain issues raised for the first time on appeal, Brown v. Marshall, 704 F.2d 333, 334 (6th Cir.), cert. denied, 464 U.S. 835 (1983), although we sometimes deviate from this practice in " 'exceptional cases' " or to prevent a " 'plain miscarriage of justice.' " Pinney Dock and Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988) (quoting Hormel v. Helvering, 312 U.S. 552, 557-558 (1941)). We see no exceptional circumstances that would warrant a departure from our usual practice in this case. Under the rules of the District Court for the Eastern District of Tennessee, the defendants were required to respond to the Secretary's summary judgment motion within 20 days or risk waiving any objections to it. E.D.Tenn.R. 10.1 and 10.2 (1989). They could have stated their hearsay objections in such a response, but they did not do so.
 
 
 9
 Nor did the defendants make any attempt to raise hearsay objections when they filed their Rule 60(b) motion. This circuit has interpreted Rule 60(b)(1) broadly to allow litigants to ask a district court to reconsider legal error. See Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989) (citing Pierce v. United Mine Workers, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986)). By failing to mention any hearsay problem in their Rule 60(b) motion, the defendants impliedly conceded that the hearsay was substantially accurate. The defendants had ample time to demonstrate any alleged inaccuracies, and it would seem unjust to reward the defendants on appeal when they twice neglected to ask the district court to rule on the admissibility of the affidavits.
 
 
 10
 The defendants also contend that the district court erred in concluding that their violations of the Act were willful. We are not persuaded. To constitute a willful violation, an employer's actions must be undertaken with knowledge of or with reckless disregard for the fact that the actions are prohibited by the Act. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Five previous investigations by the Secretary had uncovered four violations, and the defendants had promised to remedy them. There was ample evidence from which the district court could conclude that the violations sub judice were willful.
 
 
 11
 We have considered the defendants' other assignments of error and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert B. Krupansky, United States Circuit Judge for the Sixth Circuit, assumed senior status on July 1, 1991