Alfred PAYNE, Jr., by his Parents and Next Friends, Ruby J. PAYNE and Alfred Payne, Sr., Appellant,

v.

Benjamin H. CALDWELL, Jr., M.D., Jackson D. Cothren, M.D., Associated Obstetricians and Gynecologists, P.C., Benjamin H. Caldwell, Jr., M.D., P.C., and Baptist Hospital, Inc., Appellees.

Supreme Court of Tennessee, at Nashville.

Sept. 10, 1990.

Randall L. Kinnard, David Randolph Smith, Kinnard & Smith, Nashville, for appellant.

Mary Martin Schaffner, Howell, Fisher & Branham, Nashville, for appellees.

## OPINION

PER CURIAM.

This appeal presents the issue of whether the geographic limitations of T.C.A. § 29–26–115(b) apply to an expert witness in a medical malpractice action, who testifies only as to the cause of plaintiff's injuries. We hold that it does.

The action was brought by Alfred Payne, Jr. (through his parents) to recover damages for injuries, including brain damage, neurological damage, and cerebral palsy, allegedly caused by the negligence of the defendant physicians and hospital in the prenatal care of his mother and in his delivery. In response to expert witness interrogatories, plaintiff notified defendants that he anticipated calling Dr. Leon Charash, a professor of pediatrics at Cornell University Medical School, to testify as to the cause of plaintiff's injuries but not as to the standard of care.[1] Defendants opposed the introduction of testimony of Dr. Charash on the basis of the geographical limitations set forth in T.C.A. § 29–26–115(b), which provides in relevant part that:

> No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts re-

---

1. In his application for permission to appeal, the plaintiff had the following to say as to the scope of Dr. Charash's testimony:

    As in many medical liability cases involving prenatal injuries, or injuries at birth, proximate cause is a key issue in the case. Particularly, Defendants allege that the child's neurological condition was not caused by obstetrical negligence, but rather by genetic or medical factors other than the acts or omis-

sions of the Defendants. To prove that Alfred Payne's neurological deficits were caused by negligence, Plaintiff listed as an expert witness Dr. Leon Charash, ... Defendants opposed the introduction of any testimony or evidence from Dr. Charash *on the proximate cause question* on the basis of the geographical limitations set forth in T.C.A. § 29–26–115(b). (Emphasis supplied.)

quired to be established by subsection (a) unless he was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make his expert testimony relevant to the issues in the case and had practiced this profession or specialty in one of these states during the year preceding the date that the alleged injury or wrongful act occurred. . . .

T.C.A. § 29–26–115(a), referred to in Section (b), provides that:

In a malpractice action, the claimant, shall have the burden of proving by evidence as provided in subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

The plaintiff moved for a declaration by the trial court that the geographic limitations relating to the competency of an expert witness set forth in T.C.A. § 29–26–115(b) are not applicable to a causation expert. The trial court so ruled. The Court of Appeals granted an interlocutory appeal and reversed the order of the trial court.

The central point of plaintiff's contention that a causation expert does not have to meet the requirements of T.C.A. § 29–26–115(b) to be competent to testify in a medical malpractice action "is that the statutory language is ambiguous," and should be interpreted as imposing the subsection (b) requirements only upon witnesses whose testimony is used to establish the acceptable standard of practice in the community. Appellant argues that there is no logical basis to include witnesses testifying only on "causation" and that it was not the intent of the legislature to do so.

We see no ambiguity or lack of clarity in the dictates of T.C.A. § 29–26–115. It provides unequivocally that each of the three basic elements of a medical malpractice action—the standard of care, the breach of the standard, and proximate cause—be proven by testimony of experts who were licensed and practicing in Tennessee or a contiguous bordering state during the year preceding the date that the alleged injury or wrongful act occurred. And, contrary to plaintiff's argument, we see nothing unusual or illogical in the inclusion of all three elements in the limitations on competency of witnesses set forth in Section (b). The proof of each element in a medical malpractice action is so entwined that it is difficult, if not impossible, for a witness to testify on the issue of causation without commenting, either expressly or tacitly, on the standard of care or whether or not it was breached. But whether unusual or not, or logical or not, the element of proximate cause is included and witnesses, to be competent to testify on the issue, must meet the licensing and geographical requirements of Section (b).

The judgment of the Court of Appeals is affirmed. The case is remanded to the trial court for further proceedings. Costs of the appeal are adjudged against the plaintiffs, and their surety.