**James Tyree RALPH, Jr., a minor suing by his next friend and mother, Wei C. RALPH, Plaintiff–Appellant,**

v.

**Huba NAGY, M.D., Defendant–Appellee.**

**No. 91–5201.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1991.

Decided Dec. 4, 1991.

Rehearing and Rehearing En Banc Denied Feb. 5, 1992.

John R. Bradley (argued and briefed), Mark W. Henderson (briefed), Hendersonville, Tenn., for plaintiff-appellant.

Cynthia E. Berry (briefed), Ward DeWitt (argued and briefed), Trabue, Sturdivant & DeWitt, Nashville, Tenn., for defendant-appellee.

Jimmy G. Creecy, Asst. Atty. Gen., Jerry W. Taylor (argued and briefed), Charles W. Burson, Atty. Gen., Nashville, Tenn., for intervenor-appellee.

Before: MARTIN and MILBURN, Circuit Judges; and ROSEN, District Judge *.

MILBURN, Circuit Judge.

Plaintiff James Tyree Ralph, Jr., by his next friend and mother, Wei C. Ralph, appeals the jury verdict rendered in favor of defendant Huba Nagy, M.D., in this diversity medical malpractice action. The issues in this case are (1) whether the district court abused its discretion in submitting verdict interrogatories to the jury; (2) whether the district court erred when it applied Tennessee's "locality rule," Tennessee Code Annotated § 29–26–115(b), in reliance on Federal Rule of Evidence 601 to disqualify Dr. Robert Cooke, a New York physician, from testifying concerning the proximate cause of plaintiff's injury; (3) whether the Tennessee "locality rule" is unconstitutional as applied in this case; (4) whether the district court erred in an evidentiary ruling concerning the admissibility of the contents of a telephone conversation between plaintiff's mother and an unknown staff member at Waverley Hospital; (5) whether the district court exhibited inappropriate bias in favor of defendant and thereby prejudiced the jury; and (6) whether the jury verdict is contrary to the weight of the evidence. For the reasons that follow, we affirm.

## I.

On January 9, 1989, this medical malpractice action was filed in behalf of the plaintiff against the defendant in the United States District Court. The complaint alleged that defendant had been negligent in rendering prenatal care to plaintiff's mother, Wei C. Ralph, and in managing her labor and delivery. It was alleged that this negligence was the proximate cause of plaintiff's injuries, *viz.*, the physical disabilities and mental retardation incident to cerebral palsy.

Prior to the trial of this case, a motion was filed in behalf of plaintiff in which it was requested that two New York physicians be permitted to testify concerning the causes of plaintiff's injuries. Plaintiff's counsel recognized the "locality rule" contained in Tenn.Code Ann. § 29–26–115(b), which generally requires that testifying health care professionals be licensed in Tennessee or in a contiguous state, but argued that the locality rule should not be

* Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

applied to physicians who were to testify only on the issue of causation. The district court overruled the motion and refused to permit the New York physicians, Robert E. Cooke and Morrison S. Levbarg, to testify on the issue of causation. 749 F.Supp. 169.

The court submitted the case to a jury using a special verdict form which asked three questions: (1) did the defendant violate the standard of care, (2) was the defendant's violation of the standard of care the proximate cause of plaintiff's injuries, and (3) what is the amount of the damages? The jury found that the defendant did not violate the standard of care, and thus it did not proceed to answer the second and third interrogatories on the special verdict form. Plaintiff's motion for a new trial was denied on January 9, 1991, and this timely appeal followed.

## II.

### A.

■ Plaintiff's counsel first argues that the district court erred in submitting separate verdict interrogatories to the jury on the issues of negligence and causation because, they insist, jurors are intellectually unable to separate the concepts of causation and negligence. To prove this point, they rely on *Payne v. Caldwell*, 796 S.W.2d 142, 143 (Tenn.1990), to the effect that "proof of each element in a medical malpractice action is so entwined that it is difficult, if not impossible, for a witness to testify on the issue of causation without commenting, either expressly or tacitly, on the standard of care or whether or not it was breached." In that passage, the Supreme Court of Tennessee was expressing an opinion on the difficulty of a witness's *testifying* on the issue of causation without "tacitly" testifying on the question of the standard of care as well. However, *Payne*

has nothing to do with whether a jury is capable of separating the concepts of negligence and causation in order to conduct a logical analysis of the proof in a given case. Juries *must* be capable of performing this function; for, otherwise, our legal system would be a charade.

Federal Rule of Civil Procedure 49 specifically provides for verdict interrogatories of the kind submitted in this case, and the district court has "wide discretion in the use and form of interrogatories" submitted to a jury as a part of its verdict. *Nashville Bank of Commerce v. Royal Exchange Assurance of America*, 455 F.2d 892, 898 (6th Cir.1972); *see also Eymard v. Pan American World Airways (In re Aircraft Disaster at New Orleans)*, 795 F.2d 1230, 1235 (5th Cir.1986); *Martinez v. Union Pac. R.R. Co.*, 714 F.2d 1028, 1032 (10th Cir.1983). There is no reason to adopt the plaintiff's groundless speculation on the intellectual capabilities of jurors, and there is no reason to suppose the district court abused its discretion in submitting verdict interrogatories which operated only to simplify and clarify the analysis of this case. As will be seen *infra*, those interrogatories accomplished their purpose well.

### B.

Plaintiff's next two claims are related in that they stem from the district court's refusal to allow Drs. Cooke and Levbarg, physicians licensed in New York, to testify on the issue of causation in this case.[1] The district court applied Fed.R.Evid. 601, which provides that competency of witnesses is determined in accordance with state law in diversity cases. It therefore applied the competency rule in Tenn.Code Ann. § 29–26–115(b) that requires testifying experts in malpractice cases to be licensed in Tennessee or in a contiguous state.[2] Plain-

---

1. Two North Carolina physicians who met Tennessee's locality requirements actually testified for plaintiff on the subject of causation in this case.

2. Tenn.Code Ann. § 29–26–115(b) provides: "No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to

establish the facts required to be established by subsection (a) unless he was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make his expert testimony relevant to the issues in the case and had practiced this profession or specialty in one of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to

tiff attacks this ruling on two theories, arguing, first, that Fed.R.Evid. 702, not Fed.R.Evid. 601, should have been applied, and, second, that Tenn.Code Ann. § 29–26–115(b) is unconstitutional as applied in this case.

Fed.R.Evid. 601 prescribes that state competency rules obtain in diversity cases.

Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

Fed.R.Evid. 702 allows testimony by an expert who is qualified by "knowledge, skill, experience, training, or education ..." where his testimony will assist the trier of fact "to understand the evidence or to determine a fact in issue...."

There is no need for us to decide which rule of evidence should apply in this case or whether Tenn.Code Ann. § 29–26–115(b) is constitutional. These issues are moot because the jury expressly found that the defendant did not breach his duty to the plaintiff under the appropriate standard of care. Therefore, because the jury found that Dr. Nagy was not negligent, there was no issue of causation for the jury to consider.

In *J.C. Wyckoff and Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1492 (6th Cir.1991), this court held that a jury verdict in favor of the defendant fire insurance company on one ground mooted its claim on appeal that the trial court erred in excluding testimony pertinent to a different defense.

Standard Fire argues that the trial court erroneously excluded Scott Riley's testimony regarding locked doors within the Wyckoff buildings, thereby prejudicing Standard Fire's ability to effectively present an arson defense.... Because we uphold the jury verdict in favor of Standard Fire on the defense of fraud

and false swearing, which serves as a complete defense under Section 500.2832, *the arson defense is moot* and we need not address this evidentiary issue.

*Id.* (footnote omitted) (emphasis added).

Issues that would otherwise be appropriate for review are commonly mooted by a jury's verdict. Because the jury found in favor of the defendant on the question of negligence, it did not reach the question of proximate causation, and any alleged evidentiary errors bearing on the issue of proximate causation are moot.

### C.

Plaintiff next argues that the district court should have allowed plaintiff's mother to testify fully concerning the contents of a telephone conversation she had with an unidentified hospital employee. After a hearsay objection, Mrs. Ralph proffered her testimony to the effect that she had telephoned defendant's office and received a prerecorded message to direct her inquiries to the hospital. When she called the hospital, an unidentified person heard her complaint about leaking fluids and told her to contact her doctor after labor started.

The court decided to admit this testimony on the grounds that it was not hearsay: it was offered only to explain why Mrs. Ralph took, or failed to take, certain actions. Mrs. Ralph then testified that the hospital employee left the telephone without hanging up, made some sounds in the background, then returned to the telephone and instructed her to call defendant's office at 8:00 a.m. Monday and tell the receptionist to give her an appointment for 10:00 a.m. that same morning. Plaintiff clearly wished to have the jury infer that the hospital employee had interrupted her conversation with Mrs. Ralph in order to telephone defendant to establish the appointment time. There is no direct proof of that, however, and Mrs. Ralph admitted that she did not know what the hospital

---

expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection when it determines that the appro-

priate witnesses otherwise would not be available."

employee did while the employee was away from the telephone.

On appeal, plaintiff contends that "the doctor's statement should have been admitted as an admission pursuant to Fed. R.Evid. 801(d)(2)." Brief of Appellant at 20. However, no statement or "admission" by the defendant was proffered. Plaintiff seems to think that the defendant doctor made a statement to the hospital employee, who then relayed it to Mrs. Ralph, but that is merely an assumption. Moreover, plaintiff did not raise this issue below. Plaintiff's counsel argued only that the statements of the hospital employee should be admitted to explain Mrs. Ralph's subsequent actions, and the court admitted the statements on that basis. There was no attempt by plaintiff to admit the statements of the hospital employee on the theory that they were admissions by defendant.

Failure to raise an issue below precludes this court's review of the matter. *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990); *Pinney Dock and Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988). The district court admitted such competent evidence as there was on the legal basis urged by the plaintiff. Plaintiff cannot, for the first time on appeal, argue for the admission of unproffered evidence on a theory not mentioned in the district court.

### D.

■ Plaintiff next complains that the district court exhibited impatience toward some of plaintiff's witnesses, and improperly threatened to declare a mistrial when it thought plaintiff's counsel was trying to introduce evidence previously excluded by its rulings. However, a review of the record shows only a minimal intrusion by the trial court in the process of the trial.

It is completely proper for a court to question witnesses to clarify and develop facts, and "[c]ertainly a trial judge has considerable discretion in seeking to make sure that a clear record is presented before the jury...." *United States v. Enoch*, 694 F.2d 465, 466 (6th Cir.1982), *cert. denied*,

461 U.S. 932, 103 S.Ct. 2097, 77 L.Ed.2d 305 (1983); *see also United States v. Eldred*, 588 F.2d 746, 750 (9th Cir.1978). It is also proper for a court to admonish counsel and warn him of a mistrial if his prejudicial conduct persists. The role of a trial judge allows "a good deal of discretion in limiting testimony, requiring attorneys to frame questions properly, and interjecting himself or herself into the trial." *United States v. Martin*, 740 F.2d 1352, 1360 (6th Cir.1984).

The record in this case shows that the district court remained well within his discretion, and the plaintiff has made no showing of "the extremely high level of interference necessary to justify a new trial." *United States v. DeLuca*, 692 F.2d 1277, 1282 (9th Cir.1982). Plaintiff's counsel did not object to the court's limited examination of witnesses nor did he move for a mistrial based on his being admonished by the trial judge. At the conclusion of the trial, the court gave appropriate instructions to the jury regarding the court's duty to question witnesses and admonish attorneys if necessary, and it instructed the jury that it should draw no inferences about the court's opinion of the case from such questions or admonitions. It is highly doubtful that the district court committed any error whatever in its handling of witnesses or counsel in this case. If it did, the error was harmless and was waived by plaintiff's failure to object. Moreover, any prejudicial effect due to the court's actions complained of was attenuated by the court's proper instructions on the subject.

### E.

■ Plaintiff does not contest the sufficiency of the evidence to take the case to the jury but argues that the verdict is against the weight of the evidence. Where a district court has denied a motion for a new trial upon grounds that the verdict is against the weight of the evidence, "it is well-settled that reversal may be predicated only upon an abuse of discretion." *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir.1981).

Plaintiff contends that his proof shows that Waverley Hospital was not equipped or staffed to handle problem deliveries, that plaintiff's mother was permitted to remain in labor for six hours without fetal monitoring, that there was no fetal monitoring for forty minutes before the caesarian section was performed, and that one and one-half hours were required to assemble the surgical team once the decision to operate was made. Even were these allegations undisputed, the district court did not abuse its discretion in allowing the jury verdict to stand. This is so because the jury also heard the testimony of Frank Boehm, M.D., the director of the fetal intensive care unit at Vanderbilt University Hospital, who was consulted by the defendant during the critical stages of the pregnancy and delivery in this case. Dr. Boehm testified unequivocally that the defendant's actions were within and above the accepted standard of medical practice, and his persuasive testimony entirely supports the jury's verdict. It follows that the district court in no way abused its discretion in denying plaintiff's motion for a new trial.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED in all respects.