961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen CARNAHAN, Plaintiff-Appellant,
v.
Charles W. GROSS, M.D., Defendant-Appellee.
 No. 91-5971.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1992.
 
 Before KEITH, DAVID A. NELSON and SILER, Circuit Judge.
 PER CURIAM.
 
 
 1
 In 1988, the plaintiff, Karen Carnahan, filed this action alleging that the defendant, Dr. Charles Gross,[1] negligently failed to remove an internal splint from her nose following an August 12, 1979, septorhinoplasty operation. The defendant filed a motion for summary judgment, contending that the plaintiff had not presented any proof that he deviated from the applicable standard of care.[2] The plaintiff opposed the motion in a memorandum using the deposition of Dr. Kakascik which was taken in a separate automobile accident case.[3] The district court entered summary judgment in the defendant's favor, holding that the plaintiff failed to submit sufficient evidence on the proper standard of care or on the breach of duty issue. For the following reasons, we AFFIRM.
 
 I.
 
 2
 The parties do not dispute that internal splints were used in the 1979 surgery. The plaintiff injured her nose in a December, 1986 automobile accident. As a result of the accident, the plaintiff sought the advice of Dr. Kakascik. According to Dr. Kakascik, the plaintiff told him that she suffered from headaches and minor breathing problems since the 1979 surgery.
 
 
 3
 Dr. Kakascik operated on the plaintiff and found a foreign object in her nose. He believed that the object "... might have been embedded in the bone and the bone grew around it." Although he stated that he gave the item to the plaintiff and told her that he was not sure of its source, Dr. Kakascik stated in deposition that, based on a reasonable medical probability, it was his opinion that the item was not removed after the 1979 surgery.[5]
 
 II.
 
 4
 The plaintiff cites to the depositions of herself and the defendant as support for her argument that she presented sufficient evidence concerning the standard of care and breach thereof. However, because the depositions were not filed in the district court, we will not consider them. See In re Frank Fehr Brewing Co., 268 F.2d 170, 183 (6th Cir.1959) (the record controls the facts on appeal): Fed.R.App.P. 10(a) (only papers and exhibits filed in the district court are to be considered on appeal). Accordingly, the sole remaining evidence which the plaintiff proffered on the standard of care and breach of duty issues is Dr. Kakascik's testimony.
 
 
 5
 The parties agree that Tennessee law is to be followed in this diversity case. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Tenn.Code Ann. § 29-26-115 provides that:
 
 
 6
 (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
 
 
 7
 (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred:
 
 
 8
 (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard: and
 
 
 9
 (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
 
 
 10
 (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a) unless he was licensed to practice in the state or a contiguous bordering state a profession or specialty in one of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court waives this subsection when it determines that the appropriate witnesses otherwise would not be available.
 
 
 11
 See Payne v. Caldwell, 796 S.W.2d 142 (Tenn.1990) (plaintiff must prove the appropriate standard of care and a breach of that standard through competent expert testimony). The dispositive issues in this case pertain to whether the plaintiff established the requisite standard of care and breach thereof.
 
 
 12
 The plaintiff contends that Dr. Kakascik's testimony was sufficient to establish the requisite standard of care, citing Searle v. Bryant, 713 S.W.2d 62, 65 (Tenn.1986) (physician competent to testify even though he was not same type of physician as defendant), in support of this argument. The plaintiff's argument is without merit. While Searle held that the testifying expert need not be of the same specialty as the defendant, the court also found that the expert must be familiar with the standard of care for the defendant's specialty. See id.; see also Goodman v. Phythyon, 803 S.W.2d 697 (Tenn.Ct.App.1990) (contains a thorough analysis of those cases dealing with this issue). Accordingly, the testimony of the expert in Searle, an infectious disease specialist and microbiologist, was admitted to prove the standard of care for the defendant surgeon, only because the expert testified that he was familiar with the applicable standards of surgeons in the prevention and treatment of surgical wound infections, which his testimony supported.
 
 
 13
 Dr. Kakascik, a plastic surgeon, unlike the expert in Searle, was not familiar with the standard of care for the defendant's specialty, otolaryngology. Kakascik stated that the standard should be the same for both specialties. Given its ordinary meaning, see Webster's II, New Riverside Univ. Dictionary 1078 (1984) ("Used to express probability or expectation"), and the context in which "should" was used, it clearly indicates an uncertainty as to the exact standard of care for otolaryngologists. Accordingly, the plaintiff failed to create a genuine issue of material fact on the duty issue.
 
 
 14
 The plaintiff likewise failed to raise a genuine issue of fact with respect to the breach of duty issue. An expert who is not familiar with the standard of care for a particular specialty cannot determine whether it was breached. Having found that Dr. Kakascik was not familiar with the appropriate standard of care, and, therefore, could not have determined whether there was a breach, the judgment of the district court is AFFIRMED.
 
 
 15
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 16
 Although Dr. Kakascik's medical specialty is plastic surgery and the defendant's is otolaryngology, Dr. Kakascik testified that the specialties overlap; both types of surgeons, he said, perform rhinoplasties. Dr. Kakascik further testified that he himself performs rhinoplasties. When he testified "I believe that the standards of care should be equal for both the specialties," therefore, I doubt that he meant to indicate uncertainty as to the standard of care for otolaryngologists performing rhinoplasties.
 
 
 17
 The specific question that Dr. Kaskascik was answering was this: "Would there be any difference, Dr. Kakascik, in the standard of care to be employed by the various specialties in performing surgery of this nature?" (Emphasis supplied.) Given the context in which the question was asked, it seems to me that the doctor's answer can fairly be read as saying that there would be no difference in the standard of care with respect to the performance of rhinoplasties. Accordingly, and because Dr. Kakascik went on to testify that absent "particular problems" with the removal of the splint, "it seems like the splint should be able to be just removed in its entirety," I am not persuaded that the defendant doctor was entitled to summary judgment.
 
 
 
 [1]
 The defendant is a board-certified otolaryngologist
 
 
 [2]
 In support of the motion, the defendant filed the discovery deposition of Dr. Gerald Kakascik ("Kakascik") taken in this action. Kakascik is a board-certified plastic and reconstructive surgeon
 
 
 [3]
 The depositions of the plaintiff and the defendant were not filed with the district court
 
 
 [5]
 In his deposition, Dr. Kakascik states more than once that he believes the 1979 surgery to be the source of the foreign object. However, pieces of glass were removed from the plaintiff's face following the automobile accident