IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 11, 2020 Session

FILED
04/20/2020
Clerk of the
Appellate Courts

## VICKIE S. YOUNG, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF RANDALL JOSH YOUNG, DECEASED v. FRIST CARDIOLOGY, PLLC ET AL.

**Appeal by Permission from the Circuit Court for Davidson County
No. 17C597          Joseph P. Binkley, Jr.**

_____

**No. M2019-00316-SC-R11-CV**

_____

We granted review to determine whether a doctor is qualified to testify in a health care liability case as an expert witness under Tennessee Code Annotated section 29-26-115(b) when the doctor was not licensed to practice medicine in Tennessee or a contiguous state within one year of the alleged injury or wrongful conduct, but was practicing under a licensure exemption. Section 29-26-115(b) provides that a doctor is competent to testify as an expert witness only if the doctor is licensed to practice medicine in Tennessee or a contiguous state and the doctor was practicing medicine in Tennessee or a contiguous state during the year before the date of the alleged injury or wrongful conduct. We hold that under Tennessee Code Annotated section 29-26-115(b), a doctor, who was permitted to practice medicine in Tennessee under a statutory licensure exemption but was not licensed to practice medicine in Tennessee or a contiguous state during the year before the date of the alleged injury or wrongful conduct, does not meet the requirements of section 29-26-115(b) to testify as an expert witness in a health care liability action. We reverse and remand this case to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Ruling of the Trial Court Reversed;
Case Remanded to the Trial Court**

SHARON G. LEE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Travis B. Swearingen, Andrew D. Tharp, and James A. Beakes III, Nashville, Tennessee, for the appellants, Frist Cardiology, PLLC and Thomas J. Killian, M.D.

D. Russell Thomas, Murfreesboro, Tennessee, for the appellee, Vickie S. Young.

# OPINION

## I.

On December 1, 2011, Thomas J. Killian, M.D., performed a cardiac cryoablation procedure[1] on Randall Josh Young at TriStar Centennial Medical Center in Nashville. Two days later, Mr. Young died from a stroke.

In March 2017, Vickie S. Young, Mr. Young's surviving spouse and the administrator of his estate, sued the Defendants, Dr. Killian and Frist Cardiology, PLLC, in the Davidson County Circuit Court.[2] Ms. Young alleged that the Defendants failed to appropriately evaluate and monitor Mr. Young's condition before and during the cryoablation procedure, and that the procedure should not have been performed on a patient in Mr. Young's medical condition. Ms. Young alleged that the Defendants' negligent conduct caused her husband's death.

The trial court's case management order required the parties to identify the expert witnesses they planned to use at trial. Ms. Young named Dr. Jason A. Rytlewski as the expert witness who would testify that Dr. Killian deviated from the applicable standard of care in his treatment of Mr. Young, which caused or contributed to his death. The Defendants identified two experts who were expected to testify that Dr. Killian followed the recognized standard of acceptable professional practice in his treatment of Mr. Young.

The Defendants moved for summary judgment, arguing that Ms. Young had failed to come forward with competent proof to support her claim that Dr. Killian did not follow the applicable standard of care, as required by Tennessee Code Annotated section 29-26-115(a)-(b). The Defendants asserted that Dr. Rytlewski did not have a medical license in Tennessee or a contiguous state during the year before Mr. Young's heart procedure, as required by Tennessee Code Annotated section 29-26-115(b). The Defendants also moved to exclude the testimony of Dr. Rytlewski.

Ms. Young responded that Dr. Rytlewski was competent to testify. According to Dr. Rytlewski's curriculum vitae, he had received a medical degree from the University of Michigan Medical School in 2005. He then pursued postdoctoral training in internal medicine and cardiology from 2005 to 2012. When Mr. Young died in December 2011,

---

[1] Cardiac cryoablation uses cold energy to scar or destroy heart tissue responsible for an abnormal heart rhythm. *Pulmonary vein isolation*, Mayo Clinic, https://www.mayoclinic.org/tests-procedures/pulmonary-vein-isolation/about/pac-20384996 (last visited Apr. 9, 2020).

[2] Ms. Young had previously filed and nonsuited a health care liability action against these Defendants.

Dr. Rytlewski was an electrophysiology[3] fellow with the Division of Cardiology at Vanderbilt University School of Medicine in Nashville. In 2012, Dr. Rytlewski became licensed to practice medicine in Missouri. Later, he was licensed to practice medicine in North Carolina, Virginia, Colorado, Wyoming, and Nebraska. Dr. Rytlewski stated in an affidavit that he was engaged in the practice of electrophysiology and cardiology in the year before the events involving Mr. Young. Dr. Rytlewski asserted that he was familiar with the standards of acceptable professional practice for Mr. Young's heart procedure in the Davidson County area. Dr. Rytlewski also stated that in his opinion, within a reasonable degree of medical certainty, the Defendants deviated from the acceptable standard of care in treating Mr. Young and caused or contributed to Mr. Young's death.

Ms. Young explained that the Tennessee Board of Medical Examiners had granted Dr. Rytlewski an exemption that allowed him to practice medicine without a medical license during his fellowship at Vanderbilt University. Ms. Young argued that the requirements of Section 29-26-115(b) apply only "if one is required to have a license." In a supplemental affidavit, Dr. Rytlewski stated that the Board of Medical Examiners had given him a licensing exemption for his training at Vanderbilt.

The Defendants did not dispute that a limited licensure exemption allowed Dr. Rytlewski to practice medicine as a fellow in training at Vanderbilt University during the year before Mr. Young's death. They argued, however, that Dr. Rytlewski was not competent to testify under section 29-26-115(b) because he had no license to practice medicine in Tennessee or any contiguous state during that time period.[4]

The trial court denied the Defendants' motion for summary judgment and allowed Dr. Rytlewski's testimony, finding that under section 29-26-115(b), an expert witness must have a license only if the expert practices in a health care profession requiring licensure in Tennessee. Because Dr. Rytlewski was exempt from the licensure requirement during his fellowship at Vanderbilt, the trial court concluded that he was not practicing in a health care profession requiring licensure in Tennessee. The trial court granted the Defendants' motion for interlocutory appeal. The Court of Appeals denied the Defendants' application for interlocutory appeal. *Young v. Frist Cardiology, PLLC*, No. M2019-00316-COA-R9-CV (Tenn. Ct. App. Mar. 5, 2019) (Order).

---

[3] Electrophysiology procedures "test the electrical activity of your heart to find where an arrhythmia (abnormal heartbeat) is coming from." *Electrophysiology Studies (EPS)*, American Heart Association, https://www.heart.org/en/health-topics/arrhythmia/symptoms-diagnosis--monitoring-of-arrhythmia/electrophysiology-studies-eps (last visited Apr. 9, 2020).

[4] Ms. Young also filed the affidavit of her attorney, D. Russell Thomas. Mr. Thomas stated that after an in-state and out-of-state search, he found only one expert witness who was familiar with the cardiology and electrophysiology standard of care in Tennessee and willing to testify against the Defendants.

We granted the Defendants' application for permission to appeal. *See* Tenn. R. App. P. 9(c).

## II.

Our decision in this case hinges on our interpretation of the language of Tennessee Code Annotated section 29-26-115(b). Statutory construction is a matter of law. Thus, our review is de novo, and we give no deference to the trial court's interpretation of the statute. *Rich v. Tenn. Bd. of Med. Exam'rs*, 350 S.W.3d 919, 926 (Tenn. 2011) (citations omitted).

When construing a statute, the intent of the legislature must prevail, and that intent is to be determined from the natural and ordinary meaning of the language in the statute, within the context of the entire statute. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526–27 (Tenn. 2010) (citations omitted). We must "construe a statute so that no part will be inoperative, superfluous, void or insignificant," and the court "must give effect to every word, phrase, clause and sentence . . . in order to achieve the Legislature's intent . . . ." *City of Caryville v. Campbell Cnty.*, 660 S.W.2d 510, 512 (Tenn. Ct. App. 1983) (citing *Tidwell v. Collins*, 522 S.W.2d 674, 676–77 (Tenn. 1975)). When the language of a statute is clear, we enforce the statute by applying the plain meaning of the written language "without complicating the task." *In re Estate of Davis*, 308 S.W.3d at 837 (citing *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004); *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006)). "We 'presume that the legislature says in a statute what it means and means in a statute what it says there.'" *Rich*, 350 S.W.3d at 926 (quoting *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn. 2000)).

Under Tennessee Code Annotated section 29-26-115(a) (2012), a plaintiff in a health care liability action must prove the applicable standard of care, a deviation from the standard of care, and an injury caused by the deviation from the standard of care.[5]

---

[5] Section 29-26-115(a) provides:

> In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Generally, the evidence required by section 29-26-115(a) must be proven through the testimony of a qualified expert witness. *Shipley v. Williams*, 350 S.W.3d 527, 550 (Tenn. 2011) (citing Tenn. Code Ann. § 29-26-115(a); *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 553 (Tenn. 2006); *Stovall v. Clarke*, 113 S.W.3d 715, 723 (Tenn. 2003); *Robinson v. LeCorps*, 83 S.W.3d 718, 724 (Tenn. 2002)).

Section 29-26-115(b) sets forth the requirements of a witness who is qualified to testify about the evidence required by section 29-26-115(a):

> No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law . . . unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred.

Tenn. Code Ann. § 29-26-115(b) (2012).

It is undisputed that Dr. Rytlewski was not licensed to practice medicine in Tennessee or a contiguous bordering state during the year before the alleged injury or wrongful act. Dr. Rytlewski was exempt from the licensure requirement during his fellowship at Vanderbilt under Tennessee Code Annotated section 63-6-207(d)(2)(A)(i) (2017 & Supp. 2019), which exempts "medical students, interns, residents, and clinical fellows" from the requirement to have a license to practice medicine when they are participating in a training program at an accredited medical school or affiliated teaching hospital in Tennessee under the supervision of a licensed physician.

Our focus is on the meaning of the introductory language of section 29-26-115(b): "No person in a health care profession requiring licensure under the laws of this state . . . ." We find that the meaning of this language is clear and unambiguous. The phrase "requiring licensure under the laws of this state" modifies the term "health care profession" that immediately precedes it in the sentence, not "person" that comes earlier in the sentence. Thus, the statute refers to a *profession* that requires licensure, not to the person requiring licensure. The practice of medicine is a "profession requiring licensure under the laws of this state." *See* Tenn. Code Ann. § 63-6-201(a) (2017). In short, a person who practices medicine may be competent to testify as an expert witness if that person meets the license *and* practice requirements of section 29-26-115(b). A licensure exemption for a person who practices medicine does not eliminate the license requirement in section 29-26-115(b).

---

Tenn. Code Ann. § 29-26-115(a).

This interpretation is consistent with the Legislature's intent in enacting Tennessee Code Annotated 29-26-115(b), as shown by the separate and specific requirements for a medical expert witness: (1) that the person be *licensed* in Tennessee or a contiguous state, *and* (2) that the person be *practicing* in Tennessee or a contiguous state. Tenn. Code Ann. § 29-26-115(b); *see also Shipley*, 350 S.W.3d at 550 (stating that one of the grounds for excluding the testimony of an expert witness in a health care liability case is "that the witness was not licensed to practice in Tennessee, Georgia, Alabama, Mississippi, Arkansas, Missouri, Kentucky, North Carolina, or Virginia"); *Payne v. Caldwell*, 796 S.W.2d 142, 143 (Tenn. 1990) (stating that there is "no ambiguity or lack of clarity" in section 29-26-115, which "provides unequivocally that each of the three basic elements of a [health care liability] action . . . be proven by testimony of experts who were licensed *and* practicing in Tennessee or a contiguous bordering state during the year preceding" the alleged wrongful conduct (emphasis added)); *Childress v. Bennett*, 816 S.W.2d 314, 315 (Tenn. 1991) (quoting *Payne*, 796 S.W.2d at 143) ("'We see no ambiguity or lack of clarity in the dictates of T.C.A. § 29-26-115.'").

A contrary finding—that Dr. Rytlewski was competent to testify as an expert witness even though he was not licensed in Tennessee—would make the licensure requirement of section 29-26-115(b) "inoperative, superfluous, void or insignificant," which our standard of review does not allow. *City of Caryville*, 660 S.W.2d at 512.

In sum, we hold that under the clear and unambiguous language of Tennessee Code Annotated section 29-26-115(b), Dr. Rytlewski, who was permitted to practice medicine in Tennessee under a statutory license exemption but was not licensed to practice medicine in Tennessee or a contiguous state in the year before the alleged injury or wrongful act, was not qualified to testify as an expert witness in this health care liability case.

## III.

We reverse the ruling of the trial court and remand this case to the trial court for further proceedings. The trial court did not decide, and therefore we do not address, whether waiver of the requirements of section 29-26-115(b) is appropriate. The costs of this appeal are taxed to Vickie S. Young, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE